1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   JOHNIE WOODWARD,

10              Plaintiff,                    No. CIV S 07-0498 DFL KJM P

11       vs.

12   RICK SUBIA, et al.,

13              Defendants.            ORDER

14   _____/

15          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

17   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

23   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

25   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

26   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint contains several claims against a number of defendants, though it is not entirely clear whether all or some of the claims are related.  These will be analyzed by

1   defendant, which is how plaintiff presents them.

2       A. <u>Defendant Campbell</u>

3        Plaintiff complains that defendant Campbell, who was Acting Warden of Mule

4   Creek State Prison (MCSP), refused to investigate, covered up staff misconduct, and otherwise

5   did not handle his appeals and staff complaints appropriately.  He adds a conclusory claim that

6   defendant Campbell joined a conspiracy to retaliate against plaintiff and obstructed justice.

7        There is no constitutional right to a grievance procedure.  <u>Mann v. Adams</u>, 846

8   F.2d 589 (9th Cir. 1988).  To the extent that plaintiff complains about defendant Campbell's

9   response to his grievances, he does not state a claim under the civil rights act.

10       A government supervisor "does not have a legitimate interest in covering up

11   mismanagement or corruption," <u>Keyser v. Sacramento City Unified School District</u>, 265 F.3d

12   741, 748 (9th Cir. 2001), but plaintiff has not pleaded facts sufficient for the court to determine

13   there was a cover up of any constitutional violations.  Instead, he relies solely on Campbell's

14   response or lack of response to certain grievances, without adequately describing the basis of the

15   grievance.

16       Plaintiff's claims of conspiracy fare little better.  In order to state a claim for

17   conspiracy under § 1983, a plaintiff must plead specific facts suggesting mutual understanding

18   among conspirators to deprive plaintiff of constitutional rights.  Conclusory allegations are not

19   sufficient.  <u>See</u> <u>Duvall v. Sharp</u>, 905 F.2d 1188, 1189 (8th Cir. 1990); <u>Woodrum v. Woodward</u>

20   <u>County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989); <u>see also</u> <u>Hobson v. Wilson</u>, 737 F.2d 1, 14

21   (D.C.Cir. 1984) (civil rights statute does not apply to all conspiratorial tortious interferences

22   with the rights of others, but only to those motivated by some class-based animus).

23       Finally, plaintiff states in exceedingly conclusory fashion that the conspiracy was

24   undertaken to retaliate against plaintiff.  Retaliatory actions taken against a prisoner for

25   exercising his First Amendment rights violate the constitution whether or not the underlying

26   misconduct would establish a constitutional violation.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-

1  68 (9th Cir. 2005).  Plaintiff will be given a chance to amend this portion of his complaint, if he

2  is able to do so while complying fully with Federal Rule of Civil Procedure 11.

3        B.  <u>Defendants Robison And Gibson</u>

4          Plaintiff claims there is "a documented history of misconduct toward Plaintiff,"

5  which includes several incidents.  It is not clear, however, whether plaintiff is basing a claim on

6  the 2000 battery and placement in administrative segregation and the 2002 incident, or simply

7  including those as illustrative of Robison's animus against him.

8          Plaintiff does allege that defendant Robison had him placed in administrative

9  segregation after another inmate "dropped a kite" on him for the sole purpose of getting

10  plaintiff's job.  Defendant Gibson did not give plaintiff the hearing he was entitled to, though the

11  placement order was falsified to appear as though he had.  In addition, plaintiff lost his prison

12  job as a result of being placed in segregation for a week.

13          The Due Process Clause of the Fourteenth Amendment protects persons against

14  deprivations of life, liberty or property.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S. Ct.

15  2384, 2393 (2005).  Those who seek to invoke the procedural protections of the Due Process

16  Clause must establish that one of these interests is at stake.  <u>Id</u>.  "A liberty interest may arise

17  from the Constitution itself . . ., or it may arise from an expectation or interest created by state

18  laws or policies."  <u>Id</u>.

19          The Supreme Court has held that "the Constitution does not give rise to a liberty

20  interest in avoiding transfer to more adverse conditions of confinement."  <u>Id</u>. (citing <u>Meachum v.</u>

21  <u>Fano</u>, 427 U.S. 215, 225 (1976)).  However, the Court also has held that "a liberty interest in

22  avoiding particular conditions of confinement may arise from state policies or regulations,

23  subject to the limitations set forth in <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)."  <u>Id</u>.  Such interests

24  generally are limited to "freedom from restraint which. . . imposes atypical and significant

25  hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, 515 U.S. at

26  484.

1    In <u>Sandin</u>, the Supreme Court found no liberty interest protecting against a thirty-

2  day assignment to segregated confinement because it did not "present a dramatic departure from

3  the basic conditions of [the inmate's] sentence." <u>Sandin</u>, 515 U.S. at 485; <u>cf.</u> <u>Cato v. Rushen</u>,

4  824 F.2d 703, 705 (9th Cir. 1987) (initial confinement in administrative segregation on the basis

5  of little, even unsubstantiated information, does not create objectionable condition).  In this case,

6  plaintiff's short stay in administrative segregation, even without an initial hearing, did not violate

7  due process.

8    Preparation of a false report generally does not state a cause of action under the

9  civil rights statute, unless the information in the report is relied upon to a constitutionally

10  significant degree.  <u>See</u> <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2d Cir.1986) (allegation that

11  filing a false disciplinary charge against an inmate is not actionable under § 1983 where

12  procedural due process protections are provided); <u>Paine v. Baker</u>, 595 F.2d 197, 201 (4th Cir.

13  1979) (reliance on false information in constitutionally significant manner).  In this case,

14  plaintiff contends that the report was falsified so as to make it appear that he had been given a

15  hearing.  In light of the fact that plaintiff's short stay in segregation was not constitutionally

16  significant, plaintiff cannot show that any falsification violated his rights.

17    There is no right to a prison job, so this portion of plaintiff's complaint also fails

18  to state a claim under the civil rights act.  <u>Vignolo v. Miller</u>, 120 F.3d 1075, 1077 (9th Cir. 2001)

19  (no right to prison job).

20    Plaintiff alleges that the actions described above denied him the equal protection

21  of the laws.  To state a claim for a violation of the Equal Protection Clause, a plaintiff must show

22  that the defendants acted with an intent or purpose to discriminate against the plaintiff based

23  upon membership in a protected class.  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir.

24  1998); <u>see also</u> <u>Coakley v. Murphy</u>, 884 F.2d 1218, 1221-22 (9th Cir. 1989)  Plaintiff has not

25  made any attempt to show that these actions were undertaken with a purpose to discriminate

26  against plaintiff or that he is a member of a protected class.  He will, however, be given the

1   opportunity to amend the equal protection claim only, if he is able.

2      C.  <u>Defendant Caro</u>

3         Plaintiff alleges that defendant Caro, the housing officer, stole some of plaintiff's

4   personal property when plaintiff was put in segregation, most notably some crime scene

5   photographs.

6         A "loss of property claim" does not state a civil rights cause of action if the state

7   has post-deprivation procedures for compensation.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984)

8   ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a

9   violation of . . . the Due Process Clause . . . if a meaningful post deprivation remedy for the loss

10  is available."); <u>see</u> <u>also</u> <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir.1994) (per curiam)

11  (applying <u>Hudson</u> and holding a state's adequate postdeprivation remedy for property loss bars a

12  prisoner's § 1983 challenge to the loss).  This claim should not be included in any amended

13  complaint.

14     D.  <u>Defendant Reyes</u>

15        Plaintiff alleges that defendant Reyes falsely accused plaintiff of sending a

16  "psychotic and threatening" note to the inmate appeals office, in retaliation for plaintiff's pursuit

17  of staff complaints stemming from his placement in segregation.  He claims that he was denied

18  parole in part because of this note, which Reyes falsely attributed to plaintiff.

19        This states a claim under the civil rights act, and may be included in an amended

20  complaint.

21     E.  <u>Defendants Lattimore and Lockhart</u>

22        Plaintiff alleges that defendant Lattimore did not handle one stage of an inmate

23  appeal correctly and that defendant Lattimore delayed his investigation of the appeal relating to

24  the note sent to defendant Reyes.  As noted above, however, there is no right to a grievance

25  procedure, so any claim of improper handling of an appeal does not state a claim.  <u>Mann v.</u>

26  <u>Adams</u>, 846 F.2d 589.

1          F.  Defendant Subia

2          Plaintiff has included defendant Subia, who is the current warden of MCSP,

3  simply because of his position.  To state a clam, plaintiff must connect the named defendant

4  clearly with the claimed denial of his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994)

5  (official's liability for deliberate indifference to assault requires that official know of and

6  disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability

7  under section 1983 arises only upon a showing of personal participation by the defendant

8  (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v.

9  Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section

10  1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193,

11  1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not

12  simply conclusions, that show that an individual was personally involved in the deprivation of

13  his civil rights."); Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) vague and

14  conclusory allegations of official participation in civil rights violations are not sufficient.).

15  Plaintiff's complaint does not state a claim against defendant Subia.

16          As set forth above, the court has determined that the complaint does not state

17  viable claims overall, and it does not contain a short and plain statement as required by Fed. R.

18  Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must

19  give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

20  Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

21  degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

22  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

23  complaint must be dismissed.

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

25  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

26  amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice and this order; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5.  If plaintiff chooses to proceed only with the viable claim against defendant Reyes, which is contained in the original complaint, plaintiff may so notify the court within thirty days in lieu of filing an amended complaint.

6.  The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED:  June 6, 2007.

_____
U.S. MAGISTRATE JUDGE

2/wood0498.14

8