1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHNIE M. WOODWARD,

11             Plaintiff,                    No. CIV S-07-498 JAM KJM P

12        vs.

13   RICK SUBIA, et al.,                     ORDER AND

14             Defendants.                   FINDINGS & RECOMMENDATIONS

15   _____/

16             Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  Defendants Caro, Lockhart and Campbell have filed motions to dismiss for

18   failure to state a claim and to strike plaintiff's prayer for punitive damages.  Plaintiff has opposed

19   the motions.

20             Plaintiff has also filed a request that the court direct service on defendants Reyes,

21   Farmer and Sullivan.

22             In his first amended complaint, plaintiff alleges that on March 30, 2005, defendant

23   Caro took plaintiff's property for inventory before plaintiff was put in administrative segregation

24   and told plaintiff that he had confiscated some alleged pornography and string.  When plaintiff

25   was released from segregation, he realized that some of his property was missing and had not

26   been included on the inventory form.  Amended Complaint (Am. Compl.) ¶¶ 20-21.  The missing

1  property included some crime scene photographs; although some of the photographs were

2  returned to plaintiff, twenty-nine have not been recovered.  Id. ¶ 23.  There are no duplicates of

3  the missing photographs.  Id. ¶ 24.  Plaintiff had hired a forensic laboratory to review materials

4  relating to his criminal conviction, including the missing photographs.  Id.  Defendant Campbell,

5  the Warden, knew or should have known that his property was not properly inventoried.  Id. ¶ 9.

6         In July 2005, someone attached a threatening note to a grievance plaintiff had

7  filed and a counseling chrono was issued against plaintiff.  Id. ¶¶ 25-26.  Plaintiff asked that all

8  references to the note, which he says he did not write, be expunged from his central file.

9  Defendant Campbell assigned defendant Lockhart to investigate the matter; defendant Lockhart

10 concluded that plaintiff could have been the author.  Id. ¶ 28.  Plaintiff was denied parole in

11 February 2006 and his next hearing is set in five years.  Id. ¶ 29.

12         Plaintiff alleges a violation of his First Amendment right of access to the courts,

13 the California tort of conversion, and violation of his right to due process.

14 I. Standards For Motion To Dismiss Under Fed. R. Civ. P. 12(b)(6)

15         In considering a motion to dismiss, the court must accept as true the allegations of

16 the complaint in question, Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007), and construe the

17 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

18 (1974).  In order to survive dismissal for failure to state a claim a complaint must contain more

19 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

20 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

21 Twombly, _ U.S. _, 127 S.Ct. 1955, 1965 (2007).  However, "[s]pecific facts are not necessary;

22 the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the

23 grounds upon which it rests.'"  Erickson, 127 S.Ct. at 2200 (internal quotations omitted).  A

24 motion to dismiss for failure to state a claim should not be granted unless it appears beyond

25 doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

26 relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

II.  Denial Of Access To The Courts

Defendants argue plaintiff has not alleged that he suffered any actual injury as the result of the confiscation of his crime scene photographs and so has not adequately pled a claim of denial of access to the courts.  Mot. to Dismiss (MTD) (Docket No. 20) at 5-6.

Plaintiff says he is seeking an injunction "to improve said access or to require said access" and so need not plead actual injury.  Opposition to Motion to Dismiss (Opp'n) (Docket No. 25) at 2.  He also argues that a delay in the ability to pursue his claims is a sufficient allegation of injury.

A.  Actual Injury

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  However, "[v]arious resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves."  Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003).[1]

A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To establish actual injury an inmate "might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement . . . [o]r that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied . . . that he was unable even to file a complaint."  Lewis v. Casey, 518 U.S. 343, 351 (1996).  If the underlying action is frivolous, a plaintiff cannot make the necessary showing of actual injury.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

Plaintiff relies on three cases to argue that he need not demonstrate actual injury because he is seeking injunctive relief.  He glosses over the fact that he is also seeking damages for the confiscation of his crime scene photographs, including a request to be reimbursed for the

---

[1]  Ortloff is disagreed with on other grounds in Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804 (9th Cir. 2003).

1  costs of counsel and the forensic expert he hired to evaluate the evidence, and the possibility of

2  pursuing a habeas petition, as well as punitive damages.  Am. Compl. at 15.  In addition, the

3  authority upon which he relies predates Lewis and in any event is distinguishable.

4          In Diamontiney v. Borg, 918 F.2d 793, 795-96 (9th Cir. 1990), plaintiff secured a

5  preliminary injunction directing prison officials to accept legal mail in plaintiff's preferred

6  surname, which caused legal mail relating to pending litigation to be returned to the senders.  In

7  Taylor v. List, 880 F.2d 1040, 1047 (9th Cir. 1989), the challenged restrictions interfered with

8  plaintiff's ability to defend himself in a pending criminal case.[2]  Finally, in Canell v. Bradshaw,

9  840 F.Supp. 1382, 1391 (D. Or. 1993), aff'd, 97 F.3d 1458 (9th Cir. 1996), the court suggested

10 that plaintiff need not allege actual injury because he was challenging the adequacy of the law

11 library, but then recognized he had in fact shown injury by claiming he missed a deadline for

12 responding to a motion for summary judgment.  Compare Marshall v. Knight, 445 F.3d 965, 969

13 (7th Cir. 2006) (prejudice adequately pleaded when inmate said inadequacies of law library

14 hampered his research and caused him to lose custody credits).  Here, in contrast, petitioner has

15 alleged only the frustration of a mere potential of litigation.

16         Specifically, plaintiff suggests a delay in the ability to pursue a claim of factual

17 innocence or a habeas petition is sufficient injury.  Opp'n (docket no. 25) at 2-3.  However, in

18 Cody v. Weber, 256 F.3d 764 (8th Cir. 2001), the plaintiff claimed he was denied access to the

19 court when his personal computer and the material stored on disks were taken away.  Although

20 he was given two weeks to print the material relating to current litigation, plaintiff alleged he was

21 being deprived of "'the only copies of documents he believes can set him free from the life

22 sentence he is presently serving,'" but failed to allege that he had a basis for post-conviction

23 relief.  Id. at 769-70.  The Eighth Circuit found his vague allegation that the material would "set

24 him free" did not create a genuine issue of fact to defeat summary judgment.  Id. at 770.  In this

25 _____

26         [2]  This holding may have been undermined by Kane v. Garcia Espitia, 546 U.S. 9 (2005).

1 | case as well, plaintiff's vague claim that the confiscation of the pictures somehow hampered a

2 | forensic analysis that might or might not show his innocence does not state a claim.

3 |      B.  <u>Defendant Campbell's Role</u>

4 |      Defendants argue the complaint should be dismissed as to defendant Campbell

5 | because her alleged role is limited to "the documentation of the theft."  Def't Campbell's Mem.

6 | P. & A. In Supp. Mot. To Dismiss (Docket No. 23-2) (Campbell MTD) at 9.

7 |      A plaintiff must connect named defendants clearly with the claimed denial of his

8 | rights.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate

9 | indifference to assault requires that official know of and disregard an "excessive risk"); <u>Taylor v.</u>

10 | <u>List</u>, 880 F.2d at 1045 ("liability under section 1983 arises only upon a showing of personal

11 | participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability

12 | under section 1983."); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing

13 | "requisite causal connection" in section 1983 cases between named defendant and claimed

14 | injury).  Plaintiff's allegation that defendant Campbell knew or should have known the theft of

15 | the photos was not adequately documented does not show a sufficient connection between

16 | Campbell and the claimed injury, denial of access to the courts.  Plaintiff has not alleged how this

17 | knowledge contributed to his alleged inability to pursue his habeas action.  <u>See</u> Am. Compl.

18 | ¶¶ 9, 28.

19 |      Plaintiff will be given an opportunity to amend his denial of access to courts claim

20 | as to defendant Caro only.  The court cannot say that plaintiff will not be able to plead actual

21 | injury from the confiscation of the photos.

22 | II.  <u>Conversion</u>

23 |      Defendants argue that plaintiff has not pleaded his compliance with California's

24 | Tort Claims Act and so cannot maintain his pendent state claim for conversion.  Campbell MTD

25 | at 6-7; Def'ts' Caro's & Lockhart's Mem. P. & A. in Supp. Mot. to Dismiss (Docket No. 20)

26 | (Def'ts' MTD) at 6-7.

1        Under California's Tort Claims Act, Cal. Gov't Code §§ 900 et seq., a suit for

2   money or damages may not be brought against a public employee unless a claim has been

3   presented to and rejected by the public entity.  Cal. Gov't Code § 945.4.  Accordingly, a

4   condition precedent to the state-law claims against the Department of Corrections and

5   Rehabilitation and its employees is a timely claim to the Board of Control.  State of California v.

6   Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2004); Karim-Panahi v. Los Angeles Police

7   Department, 839 F.2d 621, 627 (9th Cir. 1988).

8        Plaintiff argues that the requirement is excused because he is seeking the return of

9   his property.  Opp'n (Docket No. 25) at 4-5; Opp'n to Campbell MTD (Docket No. 27) at 3.

10  California cases have held that

11              a claim for the recovery of specific property is not one for 'money
             or damages' under the Government Claims Act.[3]  Even if cash
12              taken from the arrestee was no longer traceable, the initial
             exemption of the action from the claims statute is not lost simply
13              because the city takes the further wrongful step of disposing of the
             bailed property.

14

15  City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (2007) (internal citation & quotation

16  omitted); see also Escamilla v. California Department of Corrections and Rehabilitation, 141

17  Cal.App.4th 498 (2006) (inmate's habeas petition treated as mandamus for return of property

18  seized by guard or for the value of the property); Long v. City of Los Angeles, 68 Cal.App.4th

19  782, 787 (1998) (no need to file claim before filing action for injunctive relief seeking return of

20  birds seized by city or their value).

21        Through his request for injunctive relief, plaintiff is seeking return of the twenty-

22  nine photographs or their replacement value.  Am. Compl. ¶¶ 55(d), 57(a).  He also alleges,

23  however, that "as a proximate result of defendants' actions, plaintiff has suffered and continues

24

25        [3]  The California Supreme Court urges that this label be used for the Act, "to avoid the
    confusion engendered by the informal short title 'Tort Claims Act.'"  Stockton, 42 Cal.4th at
26  734.

6

1    to suffer general damages in the resulting inability to investigate plaintiff's criminal case and that

2    he will continue to suffer such damages in the future." Id. ¶ 41.  If the photos cannot be returned,

3    he seeks reimbursement for "the costs of the forensic expert and counsel for their inability to

4    prosecute the habeas corpus petition" and punitive damages of $15,000 from each defendant.  Id.

5    ¶¶ 57(b) & (d).

6            To make the determination whether a government claim is required, California

7    and federal courts analyze the various claims for relief in the complaint.  Gatto v. County of

8    Sonoma, 98 Cal.App.4th 744, 761 (2002); Independent Housing Services of San Francisco v.

9    Fillmore Center Associates, 840 F.Supp. 1328, 1358 (N.D. Cal. 1993).  As the Gatto court

10   explained:

11               [W]here a claimant seeks both damages and nonmonetary relief
                 from a public entity in the same action, the applicability of the
12               claim filing requirement turns on whether the damages are
                 ancillary to the equitable relief sought, in which case the claim
13               filing requirement is inapplicable, or the reverse is true, in which
                 case the filing requirement applies.
14
                 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
15
                 The claims filing requirement remains applicable to actions in
16               which money damages are not incidental or ancillary to any
                 specific relief that is also sought but the primary purpose of the
17               action.

18   Gatto, 98 Cal.App.4th at 761, 762.  In Gatto, the court found the Act applied when Gatto

19   challenged a county fair dress code on his own behalf, without seeking to vindicate the rights of

20   anyone but himself; when he did file a claim, he informed the county he intended to file a civil

21   action seeking not just injunctive relief but also attorney's fees and punitive damages; and when

22   damages were the first thing mentioned in the title of his complaint and his prayer for relief.  In

23   contrast, in Independent Housing Services, 840 F.Supp. at 1358, the court found that compliance

24   with the claim requirement was not necessary when the suit sought declaratory and injunctive

25   relief on the question of handicap access to various buildings, damages and attorney's fees

26   because the "request for an injunction . . . is of great weight and not just ancillary to the request

                                                           7

1  for damages . . . [and] the potential damages are small and inconsequential compared to the effect

2  of the declarations it seeks."

3          Although plaintiff seeks injunctive and declaratory relief, he seeks to vindicate

4  only his own rights.  While his initial prayers are for injunctive and declaratory relief, he seeks

5  monetary sanctions beyond the replacement cost of the photographs if they cannot be returned or

6  replaced.  Moreover, he seeks punitive damages of $15,000 per defendant even if he recovers the

7  property he alleges was taken; these damages cannot be deemed inconsequential to "the effect of

8  the declarations [he] seeks."  Compliance with the Claims Act was required.

9          Plaintiff has submitted copies of documents that show, he asserts, that he did file a

10  claim with the Claims Board.  Opp'n (Docket No. 25), Ex. A.  Although plaintiff has not

11  provided a copy of his initial claim, in his objection to the rejection of the claim, he describes the

12  progress of administrative exhaustion of the incident underlying his claim.  Id., Ex. A1.  It began

13  with a staff misconduct complaint on July 25, 2005; this is the beginning of the investigation of

14  the authorship of the threatening note.  Am. Compl. ¶¶ 25-28.  Moreover, in support of his

15  challenge, plaintiff mentions the invoice for services he received from his questioned documents

16  examiner.  Opp'n (Docket No. 25), Ex. A1 at 1.  Plaintiff's attempt to argue that this objection

17  satisfies the requirement that he file a claim for the confiscation of his photographs is specious.

18  III.  Investigation Of The Threatening Note

19          Defendants Caro and Lockhart argue plaintiff has not stated a claim against

20  defendant Lockhart because there is no constitutional right to be exonerated through the

21  grievance process and there is no connection between defendants Lockhart and Campbell and any

22  injury.  Def'ts' MTD at 7-8.  Defendant Campbell argues plaintiff has not stated a claim against

23  her because the allegations against her flow from her position as warden rather than as participant

24  in any constitutional violation.  Campbell MTD at 8-9.  Finally, all defendants argue that the

25  /////

26  /////

1    gravamen of plaintiff's complaint is the false allegation that he threatened the parole board and

2    that defendants Lockhart and Campbell acted or failed to act after that violation.  Def'ts' MTD at

3    8-9; Campbell MTD at 9-10.

4            Plaintiff counters that defendant Campbell did not afford him due process in

5    accepting defendant Lockhart's conclusion about the authorship of the note and that defendant

6    Lockhart was obligated competently to investigate the authorship of the note.  Opp'n (Docket

7    No. 25) at 5-6; Opp'n (Docket No. 27) at 4.

8            An inmate has neither a First nor a Fourteenth Amendment right "in having . . .

9    [a] grievance resolved to his satisfaction."  Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005)

10   (no due process right); Shell v. Brzezniak, 365 F.Supp. 2d 362, 369-70, 379 (W.D.N.Y. 2005)

11   (no First nor Fourteenth Amendment right to have grievance processed or investigated in any

12   particular manner); Torres v. Mazzuca, 246 F.Supp.2d 334, 342 (S.D.N.Y. 2003) (no due process

13   right to "thorough investigation to [inmate's] satisfaction).  Accordingly, because plaintiff alleges

14   that defendant Campbell ratified defendant Lockhart's inadequate investigation, this portion of

15   the complaint fails to state a claim.

16   IV.  Qualified Immunity

17           Defendants allege they are entitled to qualified immunity for the alleged

18   constitutional violations, basing their claim largely on their argument that the complaint does not

19   show a violation of plaintiff's constitutional rights.  Because the court has determined there is

20   only one potentially viable claim, but that the claim must be amended if it is to proceed, it

21   declines to address the question of qualified immunity.

22   V.  Punitive Damages

23           Defendants argue that because punitive damages are available only when an

24   official's conduct is shown to be motivated by evil intent or reckless motive, plaintiff's claim for

25   punitive damages should be stricken because his allegations do not show that the defendants

26   acted in so culpable a fashion.  Def'ts' MTD at 10; Campbell MTD at 11.  Although they cite

9

cases that discuss the standard necessary to prove entitlement for punitive damages, they have provided the court with no authority suggesting there is any heightened pleading standard for such a claim.  See Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000). However, if the complaint is dismissed as recommended here, the request to strike the punitive damages prayer is moot.

VI.  Plaintiff's Motion For Service Of Process (Docket No. 30)

Plaintiff has filed a motion for reconsideration of this court's original determination not to direct service on the additional defendants.  In light of the pendency of the motion for reconsideration (Docket No. 17), the motion for service of process will be denied as duplicative.

IT IS THEREFORE ORDERED that plaintiff's motion for service on the other defendants (docket no. 30) is denied in light of the pending motion for reconsideration.

IT IS HEREBY RECOMMENDED that defendants' motions to dismiss (docket nos. 20 & 23) be granted; that plaintiff be permitted to file a second amended complaint as to his claim of denial of access to the courts but only as to defendant Caro; and that defendant Caro not be required to respond to the seconded amended complaint until it has been screened by the court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////
/////
/////
/////

10

1   shall be served and filed within ten days after service of the objections.  The parties are advised

2   that failure to file objections within the specified time may waive the right to appeal the District

3   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED:  September 10, 2008.

6   _____

7   U.S. MAGISTRATE JUDGE

13   2/wood0498.57